IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERRY DON HILL                                                    PLAINTIFF

vs.                                    Civil No. 4:10-cv-04152

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jerry Don Hill ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1.      **Background**:

Plaintiff protectively filed his SSI application on January 16, 2007.[2]  (Tr. 21, 99-100).  In his

application,  Plaintiff alleged he was disabled due to spinal, neck, leg, arm, and hand problems and

an open head injury.  (Tr. 106).  Plaintiff alleged an onset date of January 16, 2007.  (Tr. 99).  This

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

[2] Even though this was entitled a "Disability Insurance Benefits" application, based upon the remainder of
the transcript in this case (including the ALJ's opinion), it appears Plaintiff was actually seeking only SSI.

1

application was denied initially and again on reconsideration.  (Tr. 60-63, 67-68).  Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted.  (Tr. 69-70, 26-55).  An administrative hearing was held on June 10, 2009 in Texarkana, Arkansas.  (Tr. 26-55).  At this administrative hearing, Plaintiff was present and was represented by Mr. Stanley Brummel.  *Id.*  Plaintiff, Vocational Expert ("VE") Dianne Smith, and a witness for Plaintiff testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the sixth grade in school.  (Tr. 29).

On December 15, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application.  (Tr. 12-21).  In this decision, the ALJ found that it did "not appear" Plaintiff had engaged in Substantial Gainful Activity ("SGA") since his alleged onset date.  (Tr. 20, Finding 2).  The ALJ determined the following regarding Plaintiff's severe impairments:

> The medical evidence establishes that the claimant has osteochondritis dessicans talus of left ankle (post-operative left ankle arthroscopy with shaving of cartilaginous defect, superior medial aspect of talus with drilling of the defect), GERD (gastroesophageal reflux disease), arthritis, hypertension, and chronic pain (Exhibit 1F-18 F), but that he does not have an impairment or combinations of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.

(Tr. 20, Finding 2).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 20, Findings 3-4, 6).  First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible.  (Tr. 20, Finding 3).  Second, the ALJ found Plaintiff retained the RFC to perform work-related activities except for work involving lifting more than 20 pounds.  (Tr. 20, Finding 4).  Specifically, the ALJ found Plaintiff retained the following

2

RFC:

> The claimant [can perform] at least light work activity, which involves lifting no more than twenty pounds at a time with frequent lifting or carrying objects weighing up to ten pounds. A job in this category may require a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls.

(Tr. 20, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff's PRW included work as a bricklayer and bricklayer's helper. (Tr. 20, Finding 5). Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.* The ALJ also found, however, Plaintiff would be unable to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 10). The ALJ based this determination upon Rule 202.17 of the Medical-Vocational Guidelines ("Grids"). *Id.* Considering Plaintiff's vocational factors, the ALJ found Rule 202.17 directed a conclusion of "Not Disabled." *Id.* Based upon this finding, the ALJ determined Plaintiff was not under a disability as defined by the Act at any time through the date of his decision or through December 15, 2009. (Tr. 20, Finding 11).

On February 10, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On October 6, 2010, the Appeals Council declined to review this disability determination. (Tr. 1-4). On November 8, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 19, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 11. This case is now ready for decision.

**2.**    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged

in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff raises the following four arguments: (A) the ALJ's RFC determination is not supported by substantial evidence in the record; (B) the ALJ improperly relied upon Rule 202.17 in finding he was not disabled; (C) the ALJ erred by finding his impairments did not meet the requirements of the Listings; and (D) the ALJ erred in his credibility evaluation. ECF No. 8 at 1-20. In response, Defendant argues that substantial evidence supports the ALJ's RFC determination, the ALJ properly assessed Plaintiff's subjective complaints, and the ALJ properly found his limitations did not satisfy the requirements of any of the Listings. *Id.* This Court will address each of Plaintiff's arguments for reversal.

**A.** **The ALJ's RFC Determination**

Plaintiff claims the ALJ erred in assessing his limitations and in determining his RFC. ECF No. 8. As outlined above, the ALJ determined Plaintiff retained the following RFC:

> The claimant [can perform] at least light work activity, which involves lifting no more than twenty pounds at a time with frequent lifting or carrying objects weighing up to ten pounds.   A job in this category may require a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls.

(Tr. 20, Finding 6).

Plaintiff raises several specific claims regarding the ALJ's RFC determination.  *Id.*  First, Plaintiff claims the ALJ erred by relying upon the findings of Dr. Roshan Sharma, M.D., whom the ALJ characterized as an "orthopedic specialist."  *Id.* at 3.  Plaintiff claims Dr. Sharma is not an orthopedic specialist but is, instead, a pain management specialist.  *Id.* at 3-4.  Plaintiff also claims that the "Administrative Law Judge wanted an orthopedic evaluation."  *Id.*

This Court has reviewed Dr. Sharma's consultative examination report, and Dr. Sharma is characterized as a "Physical Medicine and Rehabilitation Specialist." (Tr. 320-330).  Thus, Plaintiff's claim that Dr. Sharma is not an orthopedic specialist appears to be merited.  There is, however, no indication in the record that the ALJ required findings from an orthopedic specialist, as opposed to a doctor such as Dr. Sharma.  Indeed, the form requesting additional development of the record seeks only "medical assessment, physical."  (Tr. 320).  Thus, this Court finds the ALJ did not err by ordering a consultative examination from Dr. Sharma even though he was not an orthopedic specialist.

Second, Plaintiff claims the ALJ erred by relying upon the opinions of Dr. Michael Young, M.D.  ECF No. 8 at 4.  Plaintiff has several specific complaints regarding Dr. Young's examination. *Id.*  Importantly, Plaintiff claims Dr. Young's appointment "did not focus on the main problem which is my back and legs."  *Id.*  This Court has reviewed Dr. Young's findings and finds he did consider Plaintiff's back and leg pain.  Indeed, Dr. Young not only considered Plaintiff's subjective complaints but also relied upon the x-rays he took of Plaintiff's lumbar spine.  (Tr. 220-226).  Thus, there is no

6

basis for finding the ALJ erred by relying upon Dr. Young's opinions.

Third, Plaintiff claims the ALJ did not properly consider his left ankle surgeries and his subsequent physical therapy treatment.  ECF No. 8 at 4.  However, while it does appear Plaintiff did undergo at least one surgery to his left ankle in 2007 (Tr. 191), it is also clear from the record that Plaintiff did not consistently attend his physical therapy sessions.  (Tr. 246-247).  Plaintiff's failure to attend all of his required sessions indicates his left ankle impairment may not have been as severe as he alleged.  *See Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997) (holding that a "failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits") (citation omitted).  Thus, this Court finds the ALJ did properly consider these records.

Fourth, Plaintiff claims the ALJ erred by failing to consider the medical records from Dr. John Nix, M.D.  ECF No. 8 at 5-6.  In this medical records, Dr. Nix notes that Plaintiff complained of leg pain in late 2007 and early 2008.  (Tr. 272, 286, 289).  As a result of this reported leg pain, Dr. Nix ordered physical therapy.  (Tr. 316).  On January 22, 2008, Plaintiff reported to the physical therapist that his pain was only a 1 to 2 out of 10 when he took his pain medication.  (Tr. 319).  On February 15, 2008, when he was discharged from physical therapy, he reported suffering from pain at a level of 5 out of 10 but also stated "he did not have any pain meds to take." *Id.*  Based upon these records, it appears Plaintiff's leg pain was controlled with medication and was, therefore, not disabling.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (holding that where an impairment can be controlled by medication, it cannot be considered disabling).  Thus, this Court finds the ALJ did not err in considering the medical records from Dr. Nix and the accompanying physical therapy notes.

Fifth and finally, Plaintiff claims the ALJ erred by failing to consider his disabling back pain.

ECF No. 8 at 13.  In his argument, however, Plaintiff acknowledges that he has "suffered back pain with radiculopathy for the past twelve (12) years." *Id.*  Despite his claim that he has suffered from severe back pain for 12 years, Plaintiff's reported onset date was only  January 16, 2007.  (Tr. 99). Plaintiff attempts to explain how he continued to work for nine years after he complained of severe back pain (Tr. 34-35), but Plaintiff has provided very little medical evidence supporting that claim. Accordingly, based upon the foregoing, this Court finds the ALJ did not err in assessing Plaintiff's RFC.

### B.    The ALJ's Reliance on the Grids

Plaintiff claims the ALJ erred by failing to consider his non-exertional limitations and by improperly  relying on the Grids in determining he was not disabled.  ECF No. 8 at 7, 14.  Pursuant to the Social Security Regulations, the Grids may direct a conclusion of "disabled" or "not disabled" when certain requirements are met.  *See* 20 CFR § 416.969a.  Importantly, the Grids may only be used when a claimant suffers from exertional limitations (limitations in strength) that impact his or her ability to perform a full range of work in a particular category (such as sedentary or light work).  *See Beckley v. Apfel,* 152 F.3d 1056, 1059 (8th Cir. 1998).  If the claimant has nonexertional limitations (such as pain) that impact  his or her ability to perform the full range of work in a particular category, then the Grids cannot be used.  *See id.*

Here, as noted above, the ALJ's determination– that Plaintiff retains the capacity to perform a full range of light work–is supported by substantial evidence in the record.  Thus, Plaintiff retains the capacity to perform the full range of work in a particular category (light work).  Because Plaintiff retains this capacity, none of his nonexertional limitations restrict him from performing a full range of light work.  Accordingly, the ALJ did not err by applying the Grids to direct a conclusion of "Not

Disabled."

### C.      The ALJ's Evaluation of the Listings

Plaintiff claims his impairments meet the requirements of Listing 1.01.  ECF No. 8 at 15-16.

To support his claim, Plaintiff only specifically references medical records from 1998: "Plaintiff's

EMG shows L5-S2 radiculopathy."  *Id.*  (Tr. 346).  This Court notes, however, that Plaintiff worked

for nine years after being diagnosed with this back impairment.  Thus, based upon this record alone,

this Court cannot find that Plaintiff's impairments meet the requirements of this Listing.

Plaintiff has also provided very little argument on this issue, and he does not explain how his

medical records demonstrate that he has met the requirements of Listing 1.01.[3]  Accordingly, this

Court will not address this issue further.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir.

2005) (rejecting "out of hand" appellant's conclusory assertion that the ALJ failed to consider

whether he met certain listings where appellant provided no analysis of relevant law or facts).

### D.      The ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination.  ECF No. 8 at 18-19.  In

assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors

from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R.

§ 416.929.[4]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows:

(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the

---

[3] Indeed, "Listing 1.01" is not a valid listing.  "Listing 1.01" only provides a "Category of Impairments, Musculoskeletal."  Based upon his briefing, it appears Plaintiff is actually referring to Listing 1.04.

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ cited *Polaski*, reviewed the record, and found several inconsistencies regarding Plaintiff's subjective complaints. These inconsistencies included the following: (1) the limitations in Plaintiff's daily activities appeared to be "limited more on a self-imposed voluntary basis than as a result of any functional restrictions due to his impairments"; (2)

10

Plaintiff did not seek aggressive medical treatment or surgical intervention for his allegedly disabling pain; (3) Plaintiff had not been prescribed extensive pain medication; and (4) Plaintiff had a poor work record which indicated he had a lack of motivation to return to work activity.  (Tr. 14-19). Taken together, these inconsistencies are sufficient to provide substantial evidence supporting the ALJ's credibility determination.  *See McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (holding that "[i]f an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination").

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of December, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE